WILLIAM K. HARRINGTON
United States Trustee for Region 2
One Bowling Green
New York, New York 10004
Telephone: (212) 510-0500
By: Greg M. Zipes
Trial Attorney

**HEARING DATE: April 24, 2024**
**HEARING TIME: 10:00 a.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
:     Case No. 24-22192 (SHL)
In re                                                      :
:     (Chapter 11)
HELLO NOSTRAND LLC,                                        :
:
                              Debtor.    :
:
-----------------------------------------------------------x

PLEASE TAKE NOTICE that upon this Notice of Motion and the accompanying memorandum of law and the declaration of Valentina Vlasova, William K. Harrington, the United States Trustee for Region 2 (the "**United States Trustee**"), will move this Court before the Honorable Sean H. Lane, Bankruptcy Judge, in the United States Bankruptcy Court, 300 Quarropas St, White Plains, NY 10601 on **April 24, 2024 at 10:00 a.m.**, or as soon thereafter as counsel can be heard, for an order converting the case to one under chapter 7 of the Bankruptcy Code, or in the alternative, dismissing the case, and for such other and further relief as this Court may deem just and proper. The original application is on file with the Clerk of the Bankruptcy Court.

PLEASE TAKE FURTHER NOTICE that any responsive papers should be filed with the Court and personally served on the United States Trustee, to the attention of Greg M. Zipes, Esq., via e-mail at greg.zipes@usdoj.gov no later than seven (7) days prior to the return date set forth above. Such papers shall conform to the Federal Rules of Civil Procedure and identify the

party on whose behalf the papers are submitted, the nature of the response, and the basis for such response.

Dated: New York, New York
       March 29, 2024

                                  WILLIAM K. HARRINGTON
                                  UNITED STATES TRUSTEE

                By:    */s/ Greg M. Zipes*
                      Greg M. Zipes
                      Trial Attorney
                      One Bowling Green
                      New York, New York 10004
                      Tel. No. (212) 510-0500
                      Fax. No. (212) 668-2255

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                               :   Case No. 24-22192 (SHL)

In re                                                :
                                                     :   (Chapter 11)

HELLO NOSTRAND LLC,                  :
                                                     :
                  Debtor.    :
                                                     :
-----------------------------------------------------------x

**MEMORANDUM OF LAW OF THE UNITED STATES TRUSTEE
IN SUPPORT OF MOTION FOR AN ORDER CONVERTING THIS CASE,
OR, IN THE ALTERNATIVE, DISMISSING THIS CASE 7**

**TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:**

       This memorandum of law is in support of the motion (the "**Motion**") of William K. Harrington, the United States Trustee for Region 2 (the "**United States Trustee**"), for an order converting the case of Hello Nostrand LLC (the "**Debtor**") to one under Chapter 7 of the Bankruptcy Code or dismissing the case. In support thereof, the United States Trustee respectfully alleges the following:

## INTRODUCTION

       "Cause" exists under 11 U.S.C. § 1112(b)(4) to convert this Chapter 11 case to one under Chapter 7 or dismiss this Chapter 11 case. First, the Debtor has failed to demonstrate it has insurance for its property, a residential building. The case should be converted to one under Chapter 7 of the Bankruptcy Code or dismissed for the basic reason that the Debtor has failed to demonstrate the property is adequately insured.

       The case should be converted to one under Chapter 7 of the Bankruptcy Code for the additional reason that the Debtor has been unable to provide basic documents to the United States Trustee's office at or before the Initial Debtor Interview (the "**IDI**") held on March 22,

2024. Of most relevance, the United States Trustee has requested insurance and tax returns, and neither were provided. For this reason as well, the United States Trustee requests that this Chapter 11 case be converted to one under Chapter 7 of the Bankruptcy Code or dismissed.

## FACTS

1. On March 8, 2024 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**") in the Southern District of New York (the "**Petition**"). *See* Vlasova Decl. Ex. A; ECF Doc 1.

2. The Petition was filed with the Local Rule Declaration of Mr. Lee Buchwald, who was recently appointed as the Restructuring Officer of the Debtor (the "**Local Rule Affidavit**"). *See* Vlasova Decl. Ex. A; ECF Doc 1.

3. The Debtor is the owner of a residential apartment building located at 1580 Nostrand Avenue, Brooklyn, New York (the "**Property**"). *Id*. (Local Rule Affidavit) at ¶ 2.

4. Based on information provided to him, Mr. Buchwald asserts that the Property is secured by a lien of at least $49,089,160. *See* Local Rule Affidavit at ¶ 8.

5. On March 22, 2024, the United States Trustee's office conducted an initial debtor interview (the "**IDI**"). A purpose of the IDI is to gain important information about the Debtor in a relatively informal setting. Here, the IDI was conducted telephonically, and Lee Buchwald and Ted Donovan (counsel) were present. *See* Vlasova Decl. at ¶ 5.

6. At the IDI, Mr. Buchwald could not confirm that the Debtor had insurance. He was cooperative but acknowledged that he did not yet have enough information about the Debtor. He also did not have possession of the federal annual tax returns for the years ending

2021 and 2022.  *Id*. at ¶ 6.

7.  By email dated March 22, 2024 (the "**March Email**"), the United States Trustee's office reminded Mr. Buchwald and Mr. Donovan, as representatives of the Debtor, of the need to provide insurance and copies of the tax returns.  *Id*. at ¶ 7.

8.  To date, the United States Trustee has not received proof of insurance or copies of tax returns. *Id*. at ¶ 8.

9.  On March 22, 2024, the Debtor filed a motion to extend time to file schedules and other necessary documents (the "**Motion to Extend**") (ECF Doc. No. 9 and 9-1).

10.  The Motion to Extend has the following statements:

In light of service by the Receiver for more than a year and the removal of Eli Karp as manager of the Debtor, the Mezz Lender and the Restructuring Officer have only limited first-hand knowledge of the day-to-day business affairs of the Debtor, including the current rent roll and the status of payment of rent by the tenants. Pursuant to 11 U.S.C. Section 543, the Debtor's counsel has reached out to the Receiver, but has not yet been able to arrange for a turnover of rents and the records maintained by the Receiver. Accordingly, the Debtor requires additional time for the preparation of the Schedules.

*See* Vlasova Decl. Ex. B (Motion to Extend) at ¶ 6.

11. The Motion to Extend is scheduled for a hearing on May 8, 2024.  *Id*. at ¶ 11.

## ARGUMENT

**A.    Conversion or Dismissal is Appropriate Under 11 U.S.C. § 1112(b)**

Section 1112(b) of the Bankruptcy Code provides that on request of a party in interest, and after notice and a hearing, "the court <u>shall</u> convert a case under [Chapter 11] to a case under chapter 7 or dismiss [it] …, whichever is in the best interests of creditors and the estate, if the movant establishes cause."   11 U.S.C. § 1112(b)(1) (emphasis added).

3

Section 1112(b)(4) contains sixteen examples of events that constitute cause for conversion or dismissal. *In re FRGR Managing Member, LLC*, 419 B.R. 576, 580 (Bankr. S.D.N.Y. 2009). The list of events under subsection (b)(4) is not exhaustive and courts may consider other factors. *Id.*; *see also In re Gucci*, 174 B.R. 401, 409 (Bankr. S.D.N.Y. 1994) (under the pre-BAPCPA law, noting that bankruptcy court was "not limited to the ten, non-exhaustive, enumerated grounds in 11 U.S.C. §1112(b)(1)-(10) for finding cause."). The burden of demonstrating cause rests with the movant. *In re BHS & B Holdings, LLC*, 439 B.R. 342, 346 (Bankr. S.D.N.Y. 2010); *In re Ameribuild Const. Mgmt., Inc.*, 399 B.R. 120, 132 (Bankr. S.D.N.Y. 2009).

"Cause" to convert or dismiss is not limited to the expressly enumerated provisions of section 1112(b)(4). *In re TCR of Denver, LLC*, 338 B.R. 494, 500 (Bankr. D. Colo. 2006) (noting "the Court may dismiss a Chapter 11 case for reasons other than those specified in section 1112(b) as long as those reasons satisfy 'cause.'"); *see also* Alan Resnick, Henry J. Sommer, and Lawrence P. King, *Collier on Bankruptcy* ¶ 1112.01[2][a] (15th ed. 2006) (explaining section 1112(b) "simply enumerates examples of cause, . . . and a court may convert or dismiss a chapter 11 case for reasons other than those specified in section 1112(b) so long as the reasons are sufficient to demonstrate cause.").

### 1. The Debtor Has Failed to Demonstrate it Has Insurance

An enumerated cause to convert or dismiss is the "failure to maintain appropriate insurance that poses a risk to the estate or to the public." 11 U.S.C. 1112(b)(4)(C). Property and liability insurance protecting the Property is critically important in a case like this one where the Property is the only substantial asset of the Debtor. The possible

4

lack of insurance poses a risk to the estate and to the public as the Property may be rented to tenants.

While the United States Trustee appreciates that Mr. Buchwald was recently appointed, he and the Debtor's other representatives chose to file the Petition. *See* Vlasova Decl. at ¶¶ 5-6 (noting the Debtor's current inability to confirm there is insurance on the Property).   With that filing comes responsibilities, including demonstrating that a significant Property has insurance.    This may require the Debtor to go "out of pocket" while confirming that insurance otherwise is in place.    The Debtor acknowledges that it cannot currently file schedules and other necessary documents. *See* Vlasova Decl. Ex. B (Motion to Extend) at ¶ 6 ("[T] he Mezz Lender and the Restructuring Officer have only limited first-hand knowledge of the day-to-day business affairs of the Debtor, including the current rent roll and the status of payment of rent by the tenants . . . Accordingly, the Debtor requires additional time for the preparation of the Schedules.").   The United States Trustee respectfully submits that cause under section 1112(b)(4)(C) exists.

 2. **The Debtor has not Otherwise Fulfilled its Obligations**

An enumerated cause to convert or dismiss the case is the "failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any)." 11 U.S.C. 1112(b)(4)(H)).

The Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees (the "**Operating Guidelines**") promulgated by the Office of the United States Trustee, require a debtor to produce the documents set forth in the Operating Guidelines within fifteen

days of filing the petition. *See* Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees, U.S. DEPARTMENT OF JUSTICE OFFICE OF THE UNITED STATES TRUSTEE (September 24, 2018, 2:00 PM), https://www.justice.gov/ust-regions-r02/region-2-general-information.   The Debtor has also failed to comply with the Operating Guidelines by failing to provide insurance and tax returns. *See* Vlasova Decl. at ¶¶ 5-6 (noting the Debtor's current inability to confirm there is insurance on the Property, or that tax returns have been filed).   Because of this, the Debtor has failed to provide information reasonably requested by the United States Trustee.   Accordingly, conversion or dismissal is required under 11 U.S.C. § 1112(b).

## **CONCLUSION**

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order converting or dismissing this Chapter 11 case pursuant to 11 U.S.C. § 1112(b) and granting such other and further relief as may be deemed just and proper.

Dated:  New York, New York
        February 29, 2024

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By:     */s/ Greg M. Zipes*
        Greg M. Zipes
        Trial Attorney
        One Bowling Green
        New York, New York 10004
        Tel. No. (212) 510-0500