# Exhibit A

<table>
<tr><td colspan="2"><b>Fill in this information to identify your case:</b></td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the:<br><br>SOUTHERN DISTRICT OF NEW YORK</td></tr>
<tr><td>Case number <i>(if known)</i></td><td>Chapter __11__</td></tr>
</table>

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| **1.** | **Debtor's name** | Hello Nostrand LLC |
| **2.** | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names and *doing business as* names | |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | 46-4701149 |

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 17 Tokay Ln<br>Monsey, NY 10952-1702<br>Number, Street, City, State & ZIP Code | <br><br>P.O. Box, Number, Street, City, State & ZIP Code |
| Rockland<br>County | **Location of principal assets, if different from principal place of business**<br>1580 Nostrand Avenue Brooklyn, NY<br>Number, Street, City, State & ZIP Code |

**5. Debtor's website (URL)** _____

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | Hello Nostrand LLC | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☒ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☐ None of the above

B. *Check all that apply*

- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.

___5313___

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11. *Check all that apply:*
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- ☒ No.
- ☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number | _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

- ☐ No
- ☒ Yes. Petition filed by affiliate December 21, 2021 and dismissed by Order dated July 25, 2022.

List all cases. If more than 1, attach a separate list

| Debtor | Hello Living Developer Nostrand LLC | Relationship | Affiliate |
|---|---|---|---|

| Debtor | Hello Nostrand LLC | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

District   Southern New York     When   12/21/21     Case number, if known   21-22696

---

**11. Why is the case filed in this district?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention? (Check all that apply.)**

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____
Contact name _____
Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

☒ 1-49          ☐ 1,000-5,000       ☐ 25,001-50,000
☐ 50-99         ☐ 5001-10,000       ☐ 50,001-100,000
☐ 100-199       ☐ 10,001-25,000     ☐ More than100,000
☐ 200-999

---

**15. Estimated Assets**

☐ $0 - $50,000              ☐ $1,000,001 - $10 million        ☐ $500,000,001 - $1 billion
☐ $50,001 - $100,000        ☐ $10,000,001 - $50  million      ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000       ☒ $50,000,001 - $100 million      ☐ $10,000,000,001 - $50 billion
☐ $500,001 - $1 million     ☐ $100,000,001 - $500 million     ☐ More than $50 billion

---

**16. Estimated liabilities**

☐ $0 - $50,000              ☐ $1,000,001 - $10 million        ☐ $500,000,001 - $1 billion
☐ $50,001 - $100,000        ☐ $10,000,001 - $50   million     ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000       ☒ $50,000,001 - $100 million      ☐ $10,000,000,001 - $50 billion
☐ $500,001 - $1 million     ☐ $100,000,001 - $500 million     ☐ More than $50 billion

---

| Debtor | Hello Nostrand LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**Request for Relief, Declaration, and Signatures**

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    March 7 2024
            MM / DD / YYYY

X /s/ Lee Buchwald                         Lee Buchwald
Signature of authorized representative of debtor      Printed name

Title    Restructuring Officer

**18. Signature of attorney**

X /s/ Kevin Nash                      Date   March 7, 2024
Signature of attorney for debtor                    MM / DD / YYYY

Kevin Nash
Printed name

Goldberg Weprin Finkel Goldstein LLP
Firm name

125 Park Ave
New York, NY 10017-5690
Number, Street, City State & ZIP Code

Contact phone _____    Email address   knash@gwfglaw.com

NY
Bar number and State

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                              Chapter 11

Hello Nostrand LLC,                                                 Case No.

                                    Debtor.
-----------------------------------------------------------------x

**OPERATING COMPANY RESOLUTIONS IN SUPPORT OF CHAPTER 11 FILING**

      Attached hereto is a true and complete copy of a Written Consent of the Sole Member of
Hello Nostrand LLC which sets forth resolutions in support of Debtor's Chapter 11 Filing.

Dated:   New York, New York
         March 5, 2024

                           Hello Nostrand LLC

                           By:   _____
                                Lee E. Buchwald
                                Authorized Signatory

## WRITTEN CONSENT OF SOLE MEMBER OF HELLO NOSTRAND LLC

The undersigned, being the sole member of Hello Nostrand LLC (the "Operating Company") hereby adopts the following resolutions by written consent as provided in Section 7 of the Operating Agreement of the Operating Company:

WHEREAS, the business and legal affairs of the Operating Company are governed by a certain Operating Agreement dated November 28, 2017; and

WHEREAS, since formation, the sole member of the Operating Company is and has been Hello Living Development Nostrand LLC (the "Member Company"); and

WHEREAS, the Member Company previously entered into a Mezzanine Loan Agreement and related Promissory Note in the principal sum of $3.0 million, plus interest accruing thereon with 1580 Nostrand Mezz LLC as lender (the "Original Mezz Lender"); and

WHEREAS, on March 8, 2022, Original Mezz Lender assigned its rights under the Mezzanine Loan Agreement and related Promissory Note to Nostrand Mezz Lender LLC (the "Mezz Lender"); and

WHEREAS, the Member Company pledged its 100% membership interest (the "Pledged Interest") in the Operating Company to the Original Mezz Lender pursuant to a certain Ownership Interests Pledge and Security Agreement (the "Pledge"), which Pledge is now held by the Mezz Lender; and

WHEREAS, following an Event of Default, the Mezz Lender exercised certain remedies and succeeded to the rights of the Member Company relating to voting and management of the Operating Company, whereupon the Mezz Lender became the authorized and exclusive party to act on behalf of the Member Company and, in turn, to direct the operations of the Operating Company; and

WHEREAS, following an Event of Default the previous manager of the Operating Company, Eli Karp, has relinquished management rights pursuant to a written acknowledgment and all management rights of the Operating Company are vested in the Mezz Lender; and

WHEREAS, the Operating Company's residential apartment building property is currently subject to a foreclosure action in the Supreme Court, Kings County; and

WHEREAS, the Mezz Lender, on behalf of the Operating Company, has reached an agreement with the Operating Company's senior mortgage lender to attempt to maximize the value of the Property through the commencement of a Chapter 11 case and ensuing auction process pursuant to a certain Restructuring Agreement dated February 26, 2024; and

WHEREAS, in view of all of the foregoing, the Operating Company intends to commence a Chapter 11 case and notice thereof has been given to the Independent Director who does not object to the actions and resolutions taken hereunder;

NOW, THEREFORE, IT IS HEREBY

**RESOLVED**, that Lee E. Buchwald is designated as the Restructuring Officer of the Operating Company effective immediately with all attendant fiduciary rights, authority and responsibilities; and it is further

**RESOLVED**, the Operating Company is authorized to file a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York, White Plains Division; and it is further

**RESOLVED**, Lee E. Buchwald, as the Restructuring Officer of the Operating Company, is authorized to (a) execute the Chapter 11 petition and all other related papers and other documents, and to cause the same to be filed with the Bankruptcy Court; (b) cause the Operating Company to file all schedules, statements, lists, motions, applications and other papers necessary or desirable to prosecute the Chapter 11 case and achieve confirmation of a plan of reorganization; and (c) pursue a sale of the Operating Company's real property; and it is further

**RESOLVED**, that the Operating Company is authorized to retain the law firm of Goldberg Weprin Finkel Goldstein LLP as counsel in the Chapter 11 case under a general retainer.

IN WITNESS WHEREOF, the undersigned has executed this consent as of March 5, 2024.

Hello Living Development Nostrand LLC

By: _____
Kevin Wiener
Authorized Signatory

No Objection:

_____
Steven P. Zimmer
Independent Director

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

In re:                                                    Chapter 11

Hello Nostrand LLC,                                       Case No.

                        Debtor.
--------------------------------------------------------------x

### DECLARATION PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

    Lee E. Buchwald declares the following under penalties of perjury pursuant to 28 U.S.C.

§1746:

    1.    I have been appointed as the Restructuring Officer of Hello Nostrand LLC (the

"Debtor") following a meeting of the Member and Independent Director held on March 5, 2024.

The meeting was called at the request of Nostrand Mezz Lender LLC (the "Mezz Lender") as

successor to 1580 Nostrand Mezz LLC (the "Original Mezz Lender").  The Original Mezz

Lender made a mezzanine loan in the principal sum of $3.0 million (the "Mezz Loan") secured

by a pledge of the 100% membership interest in the Debtor held by Hello Living Developer

Nostrand LLC ("Hello Developer").

    2.    The Mezz Loan became subject to various defaults beginning in 2021, prompting

the Original Mezz Lender to exercise various management and voting rights in accordance with a

certain Ownership Interests Pledge and Security Agreement dated August 25, 2020 (the

"Pledge").  By virtue of the foregoing, the Mezz Lender was vested with the authority to direct

the legal and financial affairs of Hello Developer, and in turn the authority to direct the legal and

financial affairs of the Debtor, which is the owner of a residential apartment building located at

1580 Nostrand Avenue, Brooklyn, NY (the "Property").

1

3.      For several years, the Property was subject to a contentious foreclosure litigation in the Supreme Court, Kings County, centering upon, *inter alia*, the validity of a master lease encumbering the Property, issued by Eli Karp to an affiliated or closely aligned company. The controversy surrounding the master lease delayed the foreclosure proceedings for a protracted period of time. The litigation was recently resolved pursuant to a settlement agreement which provides for a negotiated termination of the master lease. As a result of the settlement, the Debtor is now in a position to seek Chapter 11 relief without further entanglements in an effort to address the claims of other creditors in the context of a robust sale process.

4.      Additionally, the Mezz Lender obtained the resignation of Eli Karp ("Karp") as the Debtor's prior manager and designated a new Board of Managers, consisting of me as Restructuring Officer. My mandate is to oversee and prosecute the Chapter 11 case in an effort to sell the Property as a going concern to maximize value.

5.      The filing of a Chapter 11 petition is currently viewed as the most efficient means to obtain fair market value for the Property. The commencement of the Chapter 11 case has received the consent of the Debtor's Independent Director and the Mezz Lender exercising voting and management control on behalf of the Debtor.

6.      Accordingly, I respectfully submit this Declaration pursuant to Local Rule 1007-2 in support of the commencement of the Chapter 11 case on behalf of the Debtor. This Declaration is based upon my review of the Debtor's available books and records, court filings and title reports. The purpose of this Declaration is to assist the Court, creditors and other parties-in-interest in understanding the Debtor's debt and capital structure, and plans to emerge from bankruptcy.

2

## Background

7.     The Property is improved by a residential apartment building containing at least 93 units, with a current rent roll of approximately $253,625.00 per month.

8.     In 2022, the Property became subject to a foreclosure action (the "Foreclosure Case") initiated by Nostrand Senior Lender LLC (the "Senior Lender").  The Senior Lender holds various mortgages consisting of (i) a senior loan in the principal sum of $17,730,000; (ii) a project loan in the principal sum of $5,500,000; (iii) a building loan in the principal sum of $39,770,000; and (iv) a supplemental loan in the principal sum of up to $8,300,000.  All told, the Debtor is obligated to the Senior Lender for the aggregate principal amount of $49,089,160, plus accrued interest, default interest, protective advances and fees for a total claimed amount of $91,695.037 as of March 1, 2024.

9.     David Vaughn was appointed as Receiver in the Foreclosure Case.  On April 19, 2023, the Senior Lender was awarded summary judgment on its foreclosure complaint.

10.    The Debtor's original managing member, Karp, previously embarked on a plan to frustrate enforcement of the senior and mezzanine loans by, *inter alia*, executing an unauthorized and collusive master lease (the "Master Lease") for the Property with an entity known as 1580 Nostrand Management LLC (the "Master Tenant").  It is alleged that the Master Lease was made in an effort to frustrate the ability to realize on collateral and impede the collection of rents from residential tenants.  Besides the Master Lease, Karp also caused Hello Developer to file its own Chapter 11 petition in December 2021 to stay the prior UCC Article 9 foreclosure sale.  The earlier Chapter 11 case was subsequently dismissed on July 25, 2022, whereupon the Mezz Lender proceeded to exercise it rights.

3

11.      Specifically, following dismissal of the bankruptcy, the Mezz Lender noticed a
UCC foreclosure sale and assumed management control of the Debtor.  With the extinguishment
of the Master Lease having recently been completed, the Debtor and Senior Lender entered into a
Restructuring and Settlement Agreement (the "Restructuring Agreement") to facilitate the use of
Chapter 11 to conduct an auction sale of the Property and end the erosion in value caused by a
protracted litigation.

### Reorganizational Strategy

12.      The Debtor believes that a Chapter 11 filing on a voluntary basis now offers the
best opportunity to address the claims of a myriad of contractors in a fair and equitable manner
while efforts are made to pursue a robust auction sale.  The Debtor intends to promptly move for
approval of bid procedures and the retention of a broker, all subject to the Senior Lender's credit
bid rights and other protections under the Restructuring Agreement.

### Local Rule 1007-2 Disclosures

13.      Although newly engaged, I am in a position to make the following disclosures
based upon information available to me from a review of public filings.

14.      Pursuant to Local Rule 1007-2(a)(4), the Debtor intends to file a comprehensive
set of schedules and statements once all books and records are turned over to me by the Receiver.
The creditor matrix used for this Petition has been prepared based upon a combined review of the
title reports for the Property and docketed mechanic liens and judgments.

15.      Pursuant to Local Rule 1007-2(a)(5), the Senior Lender is owed a total secured
principal debt of at least $49,089,160, plus accrued interest, default interest, fees and other
charges.

4

16.     Pursuant to Local Rule 1007-2(a)(6), all of the Debtor's assets and liabilities will be set forth in the bankruptcy schedules and statements to be filed within the next fourteen (14) days.

17.     Pursuant to Local Rule 1007-2(a)(7), the 100% membership interest in the Debtor is not publicly traded and is owned by Hello Living Development Nostrand LLC.

18.     Pursuant to Local Rule 1007-2(a)(8), the Debtor's primary asset consists of the Property, which is currently in the possession of David Vaughn as Receiver.

19.     Pursuant to Local Rule 1007-2(a)(9), the Property is owned by the Debtor.

20.     Pursuant to Local Rule 1007-2(a)(10), the Debtor's current books and records are believed to be in the possession of the Receiver or others.  If all records are not voluntarily turned over, the Debtor will pursue a formal action against the Receiver.

21.     Pursuant to Local Rule 1007-2(a)(11), a schedule of pending lawsuits is filed herewith.

22.     Pursuant to Local Rule 1007-2(a)(12), I am serving as the Restructuring Officer of the Debtor pursuant to written agreement subject to a retainer in the sum of $15,000, to be applied to hourly compensation at a rate of $550 per hour.

23.     Pursuant to Local Rule 1007-2(b), the Debtor has no other employees, and will seek to retain a suitable management company to operate the Property and collect rents once the Receiver turns over possession of the same.

Dated: New York, NY
       March 8, 2024

Lee E. Buchwald

5

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:                                                           Chapter 11

Hello Nostrand LLC,                                              Case No.

                                    Debtor.
------------------------------------------------------------x

### LIST OF EQUITY HOLDERS

Hello Living Development Nostrand LLC    100%

Dated:    New York, New York
          March 7, 2024

                                        Hello Nostrand LLC

                                        By:
                                                Lee E. Buchwald

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:                                                    Chapter 11

Hello Nostrand LLC,                                       Case No.

                                      Debtor.

-------------------------------------------------------------x

## LIST OF LAWSUITS

1.    Nostrand Senior Lender v. Hello Nostrand LLC et al.
      Index No. 524162/2022
      Supreme Court, Kings County
      Foreclosure

      Attorneys:        Morrison Cohen LLC
                        *Attorneys for Plaintiff*
                        909 Third Avenue, 27th Floor
                        New York, New York 10022

                        Zeltser Law Group PLLC
                        *Attorneys for Defendant/Debtor*
                        16 Court Street, 28th Floor
                        Brooklyn, New York 11241

                        Goldberg & Cohn LLP
                        *Attorneys for Defendant/Debtor*
                        16 Court Street, 28th Floor
                        Brooklyn, New York 11241

2.    Magellan Concrete Structures Corp. v. Hello Nostrand LLC et al.
      Index No. 501463/2022
      Supreme Court, Kings County
      Breach of contract

      Attorneys:        Gutman Weiss, P.C.
                        *Attorneys for Plaintiff*
                        2276 Sixty-Fifth Street
                        Brooklyn, N.Y. 11204

1

Dated: New York, NY
March 7, 2024

Hello Nostrand LLC

Lee E. Buchwald

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                        Chapter 11

Hello Nostrand LLC,                                           Case No.

                                   Debtor.
-------------------------------------------------------------x

### RULE 7.1 CORPORATE OWNERSHIP STATEMENT

Pursuant to Federal Rule of Civil Procedure 7.1, Hello Nostrand LLC certifies

that it is a private non-governmental party, and has no corporate parent, affiliates and/or

subsidiaries which are publicly held.

Dated:    New York, New York
          March 7, 2024

                                          Hello Nostrand LLC

                                          By:
                                              Lee E. Buchwald

**United States Bankruptcy Court**
Southern District of New York

In re    Hello Nostrand LLC _____    Case No. _____

                                                    Debtor(s)    Chapter    11 _____

# VERIFICATION OF CREDITOR MATRIX

I, the Restructuring Officer of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and

correct to the best of my knowledge.

Date:    March 7, 2024 _____    /s/ Lee Buchwald _____
                                          Lee Buchwald/Restructuring Officer
                                          Signer/Title

1580 Nostrand Ave 2 LLC
c/o Madison Ave, Ste. 3501
New York, NY 10022


Almil Supply LLC
100A Broadway Ste. 115
Brooklyn, NY 11249


Alpine Ready Mix LLC
46-26 Metropolitan Ave
Ridgewood, NY 11385


Berger 3234 Holdings LLC
1450 37th Street
Brooklyn, NY 11218


Best Super Cleaning
5014 16th Avenue
Brooklyn, NY 11204


Big Apple Group NY LLC
936 Oyster Bay Rd
Bethpage, NY 11714


BMW Plumbing Supplies
307 Wallabout St
Brooklyn, NY 11205


Capital Cooling Inc.
5308 13th Avenue
Brooklyn, NY 11219


City of NY Environmental Control Board
233 Schermerhorn St, 11th Floor
Brooklyn, NY 11201


Core Scaffold Systems Inc.
417 Myrtle Avenue
Brooklyn, NY 11205


European American Window Constrctors Inc
39 Southgate Rd
Valley Stream, NY 11581


European American Window Contractors
39 Southgate Rd
Valley Stream, NY 11581


GEI Consultants Inc PC
1385 Broadway, 20th Fl
New York, NY 10018


Greater Tiles Inc.
228 Walworth Street
Brooklyn, NY 11205

Hilline Construction Inc.
335 Calyer Street
Brooklyn, NY 11222


Instyle Kitchen LLC
1377 40th Street
Brooklyn, NY 11218


Internal Revenue Service
Centralized Insolvency Operations
 PO Box 7346
Philadelphia, PA 19101-7346


Joseph Berko
18 E 41st Street Suite 1600
New York, NY 10017


Kent Services
150 W 28th Street, #1103
New York, NY 10001


Leverage Builders Group Inc.
5101 New Utrecht Avenue
Brooklyn, NY 11219


Loadingdocks Architecture PLLC
319 Bedford Avenue, 2nd Fl.
Brooklyn, NY 11211


Magellan Concrete Structures I Corp.
233 Powell Street
Brooklyn, NY 11212


Midwood Lumber & Millwork Inc.
1169 Coney Island Avenue
Brooklyn, NY 11230


Millennium Elevator Enterprises Inc.
2618 Ave Z
Brooklyn, NY 11235


New American Construction Inc.
1599 Birchwood Dr
Valley Stream, NY 11580


Nostrand Mezz Lender LLC
15 West 27th Street, 6th Fl
New York, NY 10001


Nostrand Senior Lender LLC
c/o Arch Companies
15 West 27th Street, 6th Fl.
New York, NY 10001

NYC Dep't of Finance
Legal Affairs, Collection Unit
 375 Pearl St Apt 30
New York, NY 10038-1442


NYC Dept of Law
Attn: Bernadette Brennan, Esq.
100 Church St Rm 5-233
New York, NY 10007-2601


NYS Attorney General
28 Liberty St
New York, NY 10005-1400


NYS Dep't of Taxation
Bankruptcy/Special Procedure
 PO Box 5300
Albany, NY 12205-0300


Prestige Construction NY LLC
4010 14teh AVenue
Brooklyn, NY 11218


Prime Interiors NY Inc.
53 Walton St
Brooklyn, NY 11206


Prophet Mtg Opportunities LLC
5000 Plaza on the Lake #180
Austin, TX 78746


Rent A Unit
543 Bedford Avenue, #243
Brooklyn, NY 11211


S&K Distribution LLC
201 West John St
Hicksville, NY 11801


Secure Roofing Inc.
173 Woodpoint Rd
Brooklyn, NY 11211


Stone Guard Corp.
1030 East 13th St
Brooklyn, NY 11230


Studio Gallos Architecture PC
145 Maujer St, Ste. 1C
Long Island City, NY 11101


Tri State Fencing Corp.
126 Nostrand Avenue
Brooklyn, NY 11205

Unique Painting Services Inc.
2255 East 2nd Street
Brooklyn, NY 11223


Unique Painting Services Inc.
225 Brighton 2nd Lane, 3rd Fl
Brooklyn, NY 11235


United Rentals (North America) Inc.
6125 Lakeview Rd
Charlotte, NC 28269


VIK XS Services Inc.
26 Journal Sq Plaza Ste. 505
Jersey City, NJ 07306


WIPI Construction LLC
1450 37th St., 2nd Fl.
Brooklyn, NY 11218


Worldwide Plumbing Supply
4002 15th Avenue
Brooklyn, NY 11218


YYR Repairs Inc.
2906 Shell Road
Brooklyn, NY 11224

# Exhibit B

UNITED STATES BANKRUPTCY COURT                    Hearing Date and Time:
SOUTHERN DISTRICT OF NEW YORK                     May 8, 2024 at 10:00 a.m.
-----------------------------------------------------------------x
In re:                                            Chapter 11

Hello Nostrand LLC,                               Case No. 24-22192 (SHL)

                                    Debtor.
-----------------------------------------------------------------x

## NOTICE OF HEARING TO CONSIDER DEBTOR'S MOTION
## TO EXTEND TIME TO FILE SCHEDULES

   PLEASE TAKE NOTICE, that upon the annexed application, Hello Nostrand LLC, the Debtor herein, shall move at a hearing to be held before the Honorable Sean H. Lane, U.S. Bankruptcy Court, 300 Quarropas Street, White Plains, NY 10601 on May 8, 2024 at 10:00 a.m. (the "Hearing") for an Order granting its motion to extend time to file bankruptcy schedules.

   PLEASE TAKE FURTHER NOTICE that the Hearing shall not be held in person but shall be held by video via the Zoom platform. Those intending to appear at the Hearing must register with eCourt Appearances no later than two days prior to the Hearing. The phone number or video link for the Hearing will be emailed only to those that register with eCourt Appearances in advance of the Confirmation Hearing. Instructions for registering with eCourt Appearances can be found at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. Anyone requiring assistance may contact the Zoom help center at https://support.zoom.us/hc/en-us.

   PLEASE TAKE FURTHER NOTICE, that objections, if any, to the relief requested shall be filed in writing with the Clerk of the Bankruptcy Court through the Bankruptcy Court's electronic case filing system on or before May 1, 2024.

Dated: New York, New York
   March 22, 2024

        Goldberg Weprin Finkel Goldstein, LLP
        Attorneys for the Debtor
        125 Park Avenue, 12th Floor
        New York, New York 10017

        By:  /s/ J. Ted Donovan, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

In re:                                                        Chapter 11

Hello Nostrand LLC,                                          Case No. 24-22192 (SHL)

                                    Debtor.
-----------------------------------------------------------------x

## MOTION TO EXTEND TIME TO FILE SCHEDULES

The debtor herein, Hello Nostrand LLC (the "Debtor"), as and for its motion, pursuant to

Rule 1007(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an

extension of time to file schedules of assets and liabilities, schedules of executory contracts and

unexpired leases and statements of financial affairs, respectfully represents as follows:

1.      On March 8, 2024 (the "Petition Date"), the Debtor filed a voluntary petition under

Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.      Section 521 of the Bankruptcy Code in combination with Bankruptcy Rule 1007

require the Debtor to file its (i) schedules of assets and liabilities, (ii) schedules of executory

contracts and unexpired leases, and (iii) statements of financial affairs (collectively, the

"Schedules") within 14 days after the Petition Date, or by March 22, 2024.  Through this Motion,

the Debtor respectfully requests that the Court extend the period to file the Schedules by an

additional approximately 60 days, through and including May 21, 2024 (without prejudice to the

Debtor's ability to request additional time should it become necessary).

3.      The Debtor is the owner of a residential apartment building located at 1580

Nostrand Avenue, Brooklyn, NY (the "Property").  The Property has been subject to a foreclosure

action (the "Foreclosure Case") initiated by Nostrand Senior Lender LLC (the "Senior Lender"),

which holds various mortgages in the principal aggregate amount of $49,089,160, plus accrued

interest, default interest, protective advances and fees for a total claimed amount of $91,695.037
as of March 1, 2024.

4.      In connection with the foreclosure action, David Vaughan was appointed Receiver
by Order dated November 1, 2022 and has been in control and management of the Property
thereafter.

5.      The Debtor also obtained a mezzanine loan in the principal sum of $3.0 million (the
"Mezz Loan") from 1580 Nostrand Mezz LLC (the "Original Mezz Lender"), which was secured
by a pledge of the 100% membership interest in the Debtor held by Hello Living Developer
Nostrand LLC ("Hello Developer").    Nostrand Mezz Lender LLC (the "Mezz Lender") as
successor to the Original Mezz Lender, recently exercised various management and voting rights
in accordance with the pledge, and is now vested with the authority to direct the legal and financial
affairs of Hello Developer.   The Mezz Lender has removed the prior manager, Eli Karp, and
replaced him with Lee E. Buchwald, who has been retained as Restructuring Officer to guide the
Debtor through the Chapter 11 case.

6.      In light of service by the Receiver for more than a year and the removal of Eli Karp
as manager of the Debtor, the Mezz Lender and the Restructuring Officer have only limited first-
hand knowledge of the day-to-day business affairs of the Debtor, including the current rent roll
and the status of payment of rent by the tenants.  Pursuant to 11 U.S.C. Section 543, the Debtor's
counsel has reached out to the Receiver, but has not yet been able to arrange for a turnover of rents
and the records maintained by the Receiver.  Accordingly, the Debtor requires additional time for
the preparation of the Schedules.

7.      This Court has authority to grant the requested extension under Bankruptcy Rule
1007(c), which provides that "[a]ny extension of time for the filing of the schedules and statements

may be granted only on motion for cause shown and on notice to the United States Trustee and to

any committee . . . trustee, examiner, or other party." Fed. R. Bankr. P. 1007(c).

       8.      The Debtor submits that the circumstances described herein constitute good and

sufficient cause for granting the requested extension of time.

      WHEREFORE, the Debtor respectfully requests that the Court grant the relief requested

herein and such other and further relief as it deems just and proper.

Dated: New York, New York
      March 22, 2024

                              Goldberg Weprin Finkel Goldstein LLP
                              Attorneys for the Debtor
                              125 Park Avenue, 12th Floor
                              New York, NY 10017


                              By:    /s/ Kevin J. Nash, Esq.