UNITED STATES BANKRUPTCY COURT      Hearing Date and Time:
SOUTHERN DISTRICT OF NEW YORK      May 8, 2024 at 10:00 a.m.

---------------------------------------------------------------x

In re:      Chapter 11

Hello Nostrand LLC,      Case No. 24-22192 (SHL)

                       Debtor.

---------------------------------------------------------------x

## DEBTOR'S RESPONSE TO MOTION OF THE
## U.S. TRUSTEE TO CONVERT OR DISMISS THIS CASE

The debtor herein, Hello Nostrand LLC (the "Debtor"), as and for its Response to the motion of the United States Trustee ("UST") to convert or dismiss this Chapter 11 case based upon the purported lack of insurance, represents and states to this Court as follows:

1.     The Debtor sought Chapter 11 relief promptly after entering into a pre-petition restructuring agreement with its senior secured lender, 1580 Nostrand Ave 2 LLC (the Senior Lender"). The purpose of the Chapter 11 case is to regain possession and control of the Debtor's 93-unit apartment building at 1580 Nostrand Avenue, Brooklyn, NY (the "Property") from a state court Receiver, stabilize the Property, and simultaneously pursue a robust auction sale process in bankruptcy.

2.     At the time of the commencement of the Chapter 11 case, the Property was in the possession of the Receiver and insured by the Senior Lender. The Debtor itself did not have insurance in its own name, and the UST ultimately moved on this basis to convert or dismiss the case [ECF No. 11].

3.     While the building itself was insured against property casualty loss, the Debtor has since obtained a $20 million policy in its own name, listing the UST as a notice party. A copy of the current insurance certificate, which has previously been provided to the UST, is attached hereto as Exhibit "A".

1

4.      In view of the procurement of insurance, the Debtor is hopeful that the UST will withdraw the Motion and is filing this Response to confirm that insurance is in place.  Moreover, the Debtor and the Senior Lender are attempting to obtain additional coverage beyond $20 million if possible.  Likewise, the Debtor is seeking a $5.0 million umbrella policy to add to its $1.0 million general liability package.

5.      Besides addressing insurance coverage, the Debtor is also moving to implement its overall exit strategy to sell the Property.  To that end, contemporaneously herewith, the Debtor has filed a formal plan of reorganization and disclosure statement, together with a motion to approve proposed bidding procedures for use in the sale of the Property.

6.      The filing of the plan documents was somewhat delayed by the time it took to obtain possession of the Property from the Receiver, which was accomplished in early April.  The Debtor's Restructuring Officer, Lee E. Buchwald, is in charge and intends to engage a professional third-party property manager to maintain and protect the Property until its sale.  A property management contract has already been negotiated and will be brought on for approval under separate application.

7.      In light of this progress, the Debtor is hopeful that  the U.S. Trustee will voluntarily withdraw the Motion but, if not, the Motion should be denied.

WHEREFORE, the Debtor respectfully requests relief consistent with the foregoing, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
        May 6, 2024

                                    Goldberg Weprin Finkel Goldstein LLP
                                    Attorneys for the Debtor
                                    125 Park Avenue, 12th Floor
                                    New York, NY 10017

                                    By:     /s/ Kevin J. Nash, Esq.

2