UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                                                  Chapter 11

Hello Nostrand LLC,                                                       Case No. 24-22192 (SHL)

                                               Debtor.
-------------------------------------------------------------x

Hello Nostrand LLC,                                                       Adv. Pro. No. 24-07031 (SHL)

                               Debtor-Plaintiff,

    -against-

"John Doe 1 through 30" and "Jane Doe 1 through 30", being the unknown occupants of apartments 109, 301, 306, 307, 308, 309, 313, 315, 403, 409, 415, 503, 505, 506, 602, 603, 605, and 607 and other apartment units located at 21 East 29th Street, Brooklyn, New York,

                                 Defendants.
-------------------------------------------------------------x

**DEBTOR'S SECOND AMENDED COMPLAINT FOR POSSESSION OF UNLAWFULLY OCCUPIED APARTMENTS**

Hello Nostrand LLC, the debtor and plaintiff herein (the "Debtor"), by and through its attorneys, Goldberg Weprin Finkel Goldstein LLP, as and for this Second Amended Complaint (the "Complaint") against all of the defendants identified above (the "Defendants"), respectfully avers as follows:

**NATURE OF THE ACTION**

1.    This is the second amendment to the original complaint filed in this adversary proceeding brought by the Debtor in relation to its properties located at 21 East 29th Street, Brooklyn, New York and 1580 Nostrand Avenue, Brooklyn, New York (collectively, the "Property"). This adversary proceeding continues to be aimed at removing all unlawful occupants

at the Property, including both the original occupants of apartments 500, 501, 503, 602, 603 and 610 (collectively, the "Original Unlawful Occupants") plus additional unlawful occupants later identified as squatters in apartments 109, 301, 306, 307, 308, 309, 313, 415, 505, 506, 605 and 607 (collectively, the "Additional Unlawful Occupants").

2. Following a hearing held on February 25, 2025, a final inspection of the Property was performed, whereupon the Debtor discovered further changes in the roster of unlawful occupants which differs from the prior designations of Original Unlawful Occupants and Additional Unlawful Occupants.

3. This second amended Complaint is intended to update the list of defendants to reflect the final roster of unlawful occupants, including unit numbers 109, 301, 306, 307, 308, 309, 313, 315, 403, 409, 415, 503, 504, 505, 602, 603, 605 and 607 (collectively, hereinafter the "Defendants").

4. The Debtor seeks entry of a judgment for a turnover of all of the unlawfully occupied apartment units against all Defendants relating to units 109, 301, 306, 307, 308, 309, 313, 315, 403, 409, 415, 503, 504, 505, 602, 603, 605 and 607 (collectively, the "All Known Unlawfully Occupied Apartments").

5. Because the Defendants have no legitimate leasehold rights, the Debtor is entitled to the following relief: (i) to a declaration that the Debtor or its successor by sale is entitled to exclusive possession of All Known Unlawfully Occupied Apartments; (ii) to injunctions against each of the Defendants enjoining each of the Defendants from entering, occupying or otherwise trespassing on the Property; and (iii) the issuance of Warrants of Eviction against each of the Defendants with enforcement to be conducted by the appropriate city, state or federal agency, including the United States Marshals.

6. The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) as it is a core bankruptcy matter pursuant to 28 U.S.C. §§ 157 (b)(2)(A), (E), (N) and (O) concerning the respective rights of the parties based upon the turnover for the Debtor's Property pursuant to 11 U.S.C. § 542(a) and the sale of the Debtor's Property under 11 U.S.C. § 363(f) free and clear of the interests of all Defendants.

## PARTIES

7. Plaintiff-Debtor is a limited liability company formed under the laws of New York, with a principal place of business at 17 Tokay Lane, Monsey, New York 10952-1702. The Debtor has the requisite power and authority to bring this adversary proceeding as a debtor-in-possession pursuant to 11 U.S.C. 323, 1107 and 1108.

8. Defendants[1] are unknown squatters unlawfully occupying the Property.

## BACKGROUND FACTS

9. The Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") on March 8, 2024, in accordance with the restructuring agreement (the "Restructuring Agreement") previously entered into by the Debtor and its senior lender, 1580 Nostrand Ave 2 LLC (the "Senior Lender").

10. As of the commencement of this Chapter 11 case, the Debtor was and is the lawful owner of the Property, which is its primary asset. The Property is a 93-unit residential apartment building with a current estimated value of approximately $60 million with the opportunity for increased value once operations have improved.

---

[1] Named Defendants "John Doe 1 through 30" and "Jane Doe 1 through 30" are fictitious names comprised of any and all persons that are occupying the Property and whose names are unknown to the Debtor. The Debtor has conducted a reasonable investigation to determine the actual names of such Defendants without success.

11. Prior to the commencement of this Chapter 11 case, Debtor was embroiled in foreclosure litigation for several years due to defaults with respect to a series of consolidated mortgage loans related to the Property. Ultimately, the Debtor and its Senior Lender reached a compromise memorialized by the Restructuring Agreement, which contemplated the Debtor commencing this Chapter 11 case and filing its plan of reorganization [ECF No. 34] (the "Plan") providing for the coordinated sale of the Property at auction.

12. The goal of the Plan is to pursue a robust sale process while recognizing, *inter alia*, the Senior Lender's credit bid rights as well as approximately 31 disputed mechanic's liens and establishing a general creditor reserve for a *pro rata* distribution to unsecured creditors.

13. Problematically, the Defendants are blocking a robust sale process due to their unlawful squatting at the Property without any valid leasehold, occupancy or possessory rights or any other legal right or entitlement. The Defendants' unlawful squatting at the Property will deter potential bidders and prevent the auction of the Property from maximizing value to the Debtor's estate and its creditors.

14. Upon information and belief, some of the Defendants may have entered into fraudulent, verbal agreements with the Debtor's prior management company to occupy certain apartments for cash payments. However, upon further information and belief, none of the Defendants have entered into a formal, written lease or any other agreement with the Debtor granting them a valid right or interest in the Property or any apartment therein.

**FIRST CLAIM OF RELIEF AGAINST THE DEFENDANTS**

15. The Debtor incorporates and restates all the preceding paragraphs as if set forth at length herein.

16. All Known Unlawfully Occupied Apartments constitute valuable property of the Debtor's estate pursuant to Section 541 of the Bankruptcy Code, which defines "property of the estate" to include, *inter alia*, all legal or equitable interests of the debtor in property as of the commencement of the case . . . wherever located and by whomever held." 11 U.S.C. § 541(a).

17. Section 542(a) of the Bankruptcy Code mandates that "[a]n entity, other than a custodian, in possession, custody, or control during the case, of property that the trustee may use, sell, or lease under section 363 of this title . . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." 11 U.S.C. § 542(a).

18. Accordingly, the Debtor is entitled to entry of judgment directing each of the Defendants to turnover possession of All Known Unlawfully Occupied Apartments pursuant to Sections 105(a), 541(a) and 542(a) of the Bankruptcy Code.

## SECOND CLAIM OF RELIEF AGAINST THE DEFENDANTS

19. The Debtor incorporates and restates all the preceding paragraphs as if set forth at length herein.

20. In New York, "the essence of trespass is the invasion of a person's interest in the exclusive possession of land." *Zimmerman v. Carmack*, 292 AD2d 601, 602 (2d Dept 2002); *see also* NY Penal Law § 140.05 ("a person is guilty of trespass when he or she knowingly enters or remains unlawfully in or upon premises").

21. Accordingly, the Debtor is entitled to the entry of a judgment finding each of the Defendants are trespassing on the Property and the issuance of a Warrant of Eviction to be conducted by the appropriate city, state or federal agency, including the United States Marshal.

**THIRD CLAIM OF RELIEF AGAINST THE DEFENDANTS**

22.     The Debtor incorporates and restates all the preceding paragraphs as if set forth at length herein.

23.     The Federal Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declarations shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201(a). "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and a hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202.

24.     Accordingly, the Debtor is entitled to (i) the entry of a judgment declaring the Debtor has exclusive right of possession to All Known Unlawfully Occupied Apartments, each of the Defendants has no occupancy, possessory or leasehold rights in the Property or any apartment thereof and therefore has no right to remain at the Property, and (ii) the issuance of a Warrant of Eviction to be conducted by the appropriate city, state or federal agency, including the U.S. Marshal.

**FOURTH CLAIM OF RELIEF AGAINST THE DEFENDANTS**

25.     The Debtor incorporates and restates all the preceding paragraphs as if set forth at length herein.

26.     Injunctions may be issued in adversary proceedings pursuant to Section 105(a) of the Bankruptcy Code and Rule 7065 of the Federal Rules of Bankruptcy Procedure. "A party seeking a preliminary injunction must generally show a likelihood of success on the merits, a

likelihood of irreparable harm in the absence of preliminary relief, that the balance of equities tips in the party's favor, and that an injunction is in the public interest." *Am. Civil Liberties Union v. Clapper*, 804 F.3d 617, 622 (2d Cir. 2015); *see also New York ex rel. Spitzer v. Operation Rescue Nat'l*, 273 F.3d 184, 193 (2d Cir. 2001) (acknowledging standard applies to trespass claim); *see also Arcamone-Makinano v Britton Prop., Inc.*, 83 AD3d 623, 624 (2d Dep't 2011) (for a preliminary injunction under New York law, "a movant must establish (1) a likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) a balancing of the equities in the movant's favor").

27.     The Debtor has shown a likelihood of success on the merits by virtue of the failure of each of the Defendants to establish by admissible documentary evidence a valid lessee's right as required by Order of the Court dated September 18, 2024 relating to the Original Unlawful Occupants and Supplemental Order entered subsequent thereto relating to the Additional Unlawful Occupants, and a Second Supplemental Order to be entered by the Court with respect to all of the Defendants, such that the Defendants are each unlawful squatters and trespassers at the Property.

28.     If the Defendants are not evicted from the Property, the Debtor's estate and its creditor constituencies will be irreparably harmed by a severe reduction in the Property's marketability, which is the primary asset funding Debtor's plan of reorganization.  The Debtor's estate will be further harmed by any damage caused to the Property by the Defendants during their unlawful occupancy.

29.     Each of the Defendants is a squatter unlawfully trespassing on the Debtor's Property in violation of New York Penal law.  When weighing the Defendants' continuing unlawful activity against the successful (and lawful) reorganization of the Debtor under Chapter 11, the balance of equities must be in favor of the Debtor's reorganization.  Likewise, injunctions

against each of the Defendants' unlawful trespassing, which in turn supports Debtor's lawful reorganization, serves public interest.

30. Accordingly, Debtor is entitled to (i) injunctions against each of the Defendants barring them from entering, occupying or otherwise trespassing on the Property, and (ii) the issuance of Warrants of Eviction against each of the Defendants to be conducted by the appropriate city, state or federal agency, including the United States Marshal.

WHEREFORE, the Debtor prays for as follows:

a. on the first cause of action, entry of judgment directing each of the Defendants to turnover possession of All Known Unlawfully Occupied Apartments pursuant to Sections 105(a), 541(a) and 542(a) of the Bankruptcy Code;

b. on the second cause of action, entry of a judgment finding that each of the Defendants is trespassing on the Property and issuance of Warrants of Eviction against each of the Defendants to be conducted by the appropriate city, state or federal agency, including the United States Marshal;

c. on the third cause of action, entry of a judgment declaring the Debtor has exclusive right of possession to All Known Unlawfully Occupied Apartments, that each of the Defendants has no occupancy, possessory or leasehold rights in the Property or any apartment thereof and therefore has no right to remain at the Property, and the issuance of Warrants of Eviction against each of the Defendants to be conducted by the appropriate city, state or federal agency, including the United States Marshal;

d. on the fourth cause of action, entry of injunctions against each of the Defendants barring them from entering, occupying or otherwise trespassing on the Property, and the issuance of Warrants of Eviction against each of the Defendants to be conducted by the appropriate city, state or federal agency, including the United States Marshal; and

e. granting such other and further relief as is just and proper.

Dated: New York, New York
April 14, 2025

    Goldberg Weprin Finkel Goldstein LLP
    Attorneys for the Debtor
    125 Park Avenue, 12th Floor
    New York, NY 10017

    By: /s/ J. Ted Donovan, Esq.