UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                              Chapter 11

Hello Nostrand LLC,                                      Case No. 24-22192 (SHL)

                      Debtor.
-----------------------------------------------------------x

### ORDER CONFIRMING DEBTOR'S CHAPTER 11 PLAN[1]

Upon the filing and reading of (i) the Amended Chapter 11 Liquidating Plan of Reorganization (the "Plan") [ECF No. 34] filed by Hello Nostrand LLC (the "Debtor"); (ii) the Debtor's Disclosure Statement [ECF #62] (the "Disclosure Statement"); (iii) the Order dated January 2, 2025 (the "Scheduling Order") (ECF #75), which, *inter alia*, approved the Disclosure Statement and scheduled a hearing to consider confirmation of the Plan (as subsequently adjourned from time to time and held on June 10, 2025, the "Confirmation Hearing"); (iv) the Certification of Balloting filed by J. Ted Donovan dated June 6, 2025 [ECF No. 86] (the "Certification of Balloting"); and (v) the Declaration of Lee E. Buchwald filed on June 6, 2025, [ECF No. 87] (the "Buchwald Declaration") in support of confirmation of the Plan; and the Court being satisfied that the Plan and Disclosure Statement were transmitted to all creditors and parties-in-interest as shown in the affidavits of service filed herein [ECF Nos. 69, 76, 77 and 80] (the "Affidavits of Service"); and based upon the record compiled at the Confirmation Hearing held on June 10, 2025, including the proffer made by the Debtor's counsel, Kevin J. Nash, in support of confirmation and the Debtor having answered all questions raised by the Office of the U.S. Trustee; and the Court having determined that the Plan meets the relevant criteria under Section 1129(a) and 1129(b) for confirmation, including that the Plan properly provides for the

---

[1] Capitalized terms used but not defined herein have the meanings given to them in the Plan or the Revised Disclosure Statement, as applicable.

1

auction sale of the Debtor's property commonly known as 21 East 29th Street, Brooklyn, New York and 1580 Nostrand Avenue, Brooklyn, New York (together with the Property Causes of Action, collectively, the "<u>Property</u>") to 1580 Nostrand Ave 2 LLC or its assignee (the "<u>Successful Purchaser</u>") on it credit bid in the sum of $70 million (the "<u>Property Sale</u>"); and good and sufficient cause appearing therefor;

I.    **IT IS HEREBY FOUND, DETERMINED AND CONCLUDED as follows:**

A.    <u>Findings and Conclusions</u>.  The findings and conclusions set forth herein and otherwise contained in the record made at the Confirmation Hearing constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B.    <u>Jurisdiction and Venue</u>.  The Bankruptcy Court has jurisdiction over this Chapter 11 case pursuant to 28 U.S.C. §§ 157(a) and 1334(a). Confirmation of the Plan is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and this Court has exclusive jurisdiction to determine whether the Property Sale complies with the applicable provisions of the Bankruptcy Code.

C.    <u>Plan Solicitation and Notice</u>.  As evidenced by the Affidavits of Service and Certification of Balloting, the solicitation packages containing, *inter alia*, the Plan, Disclosure Statement, and Ballots were transmitted and served upon all creditors and parties-in-interest entitled to notice thereof.  As such, the notice provided by the Debtor was adequate and sufficient pursuant to Sections 1125 and 1128 of the Bankruptcy Code and Bankruptcy Rules 2002, 3016, 3017 and 3020, and no further or additional notice is required.

D. *Good Faith Solicitation.* The Debtor solicited acceptances of the Plan in good faith and in compliance with applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

E. *Compliance with the Requirements of Section 1129 of the Bankruptcy Code.* The Buchwald Declaration, together with the proffer made in connection therewith, as well as the totality of the record compiled throughout this Chapter 11 case support the additional Findings of Fact and Conclusions of Law set forth in the following paragraphs establishing grounds to approve the Plan and implement the transactions contemplated therein, including the sale of the Property, free and clear of all claims, liens, taxes and non-permitted encumbrances (unless the Successful Purchaser assigns its mortgage to or for the benefit of the Successful Purchaser's Assignee, in which event the Successful Purchaser's mortgage shall survive as assigned) as more particularly addressed herein:

i. *Section 1129(a)(1) of the Bankruptcy Code.* The Plan complies with the applicable provision of the Bankruptcy Code including 11 U.S.C. §§363, 1123, 1129(a) and 1146(a) relating to the sale of the Property free and clear of all liens, claims, taxes and adverse interests;

ii. *Section 1129(a)(2) of the Bankruptcy Code.* The Debtor has complied with the applicable provisions of the Bankruptcy Code;

iii. *Section 1129(a)(3) of the Bankruptcy Code.* The Plan has been proposed in good faith, and the Plan is the result of arm's length negotiations between the Debtor and the Senior Lender;

iv. *Section 1129(a)(4) of the Bankruptcy Code.* All payments to be made for professional fees and expenses remain subject to approval by the Bankruptcy Court as being reasonable;

v. *Section 1129(a)(5) of the Bankruptcy Code.* Sufficient disclosures have been made regarding the post-confirmation management of the Debtor and the continuation of Lee Buchwald as the Debtor's chief restructuring officer post-confirmation and the appointment of Debtor's counsel, Goldberg Weprin Finkel Goldstein LLP as Disbursing Agent;

3

vi. <u>Section 1129(a)(6) of the Bankruptcy Code.</u>  Section 1129(a)(6) of the Bankruptcy Code is not applicable.  The Plan does not provide for any changes in rates that require regulatory approval of any governmental agency;

vii. <u>Section 1129(a)(7) of the Bankruptcy Code.</u>  1580 Nostrand Ave 2 LLC (the "<u>Senior Lender</u>") has an allowed claim in the sum of up to $91,695,037, including all principal, interest, default interest, fees and protective advances secured by valid liens and security interests in and to Property as of the Petition Date, which constitutes substantially all of the property of the Debtor's bankruptcy estate.  The Plan satisfies Section 1129(a)(7) of the Bankruptcy Code because the Senior Lender's claim is significantly undersecured, and thus, unsecured creditors, which would stand to receive no distribution in the event of a Chapter 7 liquidation stand to receive more under the Plan than they could reasonably expect to receive in any other context;

viii. <u>Section 1129(a)(8) of the Bankruptcy Code.</u>  The Plan addresses the Claims against and the Equity Interests in the Debtor.  Section 1129(a)(8) of the Bankruptcy Code requires that all classes entitled to vote on the Plan vote in favor of confirmation.  There are three impaired classes of claims and interests in the Plan, including the impaired Class 1 Allowed Secured Claim of the Senior Lender, the Class 2 Claims consisting of impaired General Unsecured Claims, and the impaired Class 3 equity interests in the Debtor.  As reflected in the Certification of Balloting, The Senior Lender voted its Class 1 Claim in favor of acceptance of the Plan;

ix. <u>Section 1129(a)(9) of the Bankruptcy Code.</u>  The Plan provides for the proper treatment of Administrative Expense and Priority Claims with the Debtor's counsel capping its legal fees at $175,000, plus expenses;

x. <u>Section 1129(a)(10) of the Bankruptcy Code.</u>  Section 1129(a)(10) of the Bankruptcy Code has been satisfied because the Senior Lender voted its Class 1 claim in favor of the Plan, which means at least one, non-insider impaired class of claims has voted to accept the Plan;

xi. <u>Section 1129(a)(11) of the Bankruptcy Code.</u>  The Plan satisfies Section 1129(a)(11) in that, as a plan of liquidation, confirmation of the Plan is not likely to be followed by a need for any further reorganization or liquidation.  Moreover, the sale contemplated by the Plan is feasible. Specifically, the Senior Lender has demonstrated that it is ready, willing, and able to close on the purchase of the Property based upon its credit bid.  Further, the Senior Lender has agreed to make available sufficient funds once this Order has become final to pay distributions under the Plan for the payment in full of: (a) allowed administrative expenses of the Debtor's retained professionals not to exceed $175,000 plus expenses for Debtor's counsel and any U.S. Trustee fees; (b) any allowed priority tax claims; and

4

    (c) to fund a general creditor reserve of $100,000 from which a *pro rata* distribution shall be made pursuant to the terms of the Plan to the holders of allowed general unsecured claims;

  xii. <u>Section 1129(a)(12) of the Bankruptcy Code.</u>  All fees due and payable under 28 U.S.C. §1930 have been paid or will be paid under the Plan;

  xiii. <u>Section 1129(a)(13) (14), (15) and (16) of the Bankruptcy Code.</u> Sections 1129(a)(14), (15) and (16) of the Bankruptcy Code are not applicable to the Debtor's Chapter 11 Case; and

  xiv. <u>Section 1129 (a) and (b) of the Bankruptcy Code.</u>  The Plan satisfies all elements under Section 1129(a) of the Bankruptcy Code.  To the extent required, the Plan also satisfies the requirements of Section 1129(b)(1) of the Bankruptcy Code, which permits confirmation of a plan if it "does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan." 11 U.S.C. § 1129(b)(1).  That Section potentially applies to Class 2, since no votes were cast by members of that Class.  For the following reasons, the Bankruptcy Court finds and concludes that the Plan satisfies the cramdown requirements under Section 1129(b)(1) of the Bankruptcy Code with respect to Class 2 Claims and Class 3 Equity Interests.  Section 1129(b)(2)(B) states that, as to the members of a class of unsecured claims, a plan satisfies the "fair and equitable" requirement if the plan provides that "the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan on account of such junior claim or interest any property…"  Section 1129(b)(2)(B)(ii). As this is a plan of liquidation, and Class 3 Equity Interests will receive no distribution until all allowed Class 2 Claims have been satisfied, the Plan satisfies Section 1129(b)(2)(B)(ii) of the Bankruptcy Code with respect to Class 2 Claims since no creditor or equity holder having a Claim junior in priority to Class 2 will retain or receive anything under the Plan.  Similarly, the Plan satisfies Section 1129(b)(2)(C)(ii) of the Bankruptcy Code with respect to Class 3 Interests because "the holder of any interest that is junior to the interests of such class will not receive or retain under the plan on account of such junior interest any property." *Id.*  Therefore, the Plan satisfies Section 1129(b)(1) of the Bankruptcy Code by way of its treatment of Class 2 Unsecured Claims and Class 3 Equity Interests.

 F. <u>Satisfaction of Plan Confirmation Requirements.</u>  Based upon the foregoing, and all other pleadings and evidence proffered or adduced at or prior to the Confirmation Hearing, the Plan satisfies all of the requirements for confirmation because all of the requirements under Sections 1129(a) or 1129(b), as applicable.

**II.     Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that:**

    A.     <u>Confirmation of Plan</u>

    1.     The Plan is CONFIRMED pursuant to Section 1129(a) and (b) of the Bankruptcy Code. To the extent there is any conflict between the terms of the Plan and the terms of this Order, the terms of this Order shall control.

    B.     <u>Assumption and Assignment of Executory Contracts and Unexpired Leases</u>.

    2.     Pursuant to, and subject in all respects to Section 5.1 of the Plan, all valid and existing residential leases and other contracts to which the Debtor is a party as landlord shall be deemed assumed for purposes of the Plan and the Senior Lender or its assignee as the Successful Purchaser shall have all rights and standing to evict any occupant set forth on the list of Final Identified Unlawful Occupants.

    C.     <u>Exemption from Certain Transfer Taxes</u>.

    3.     This Order is and shall be binding upon all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, and local officials, and all other persons and entities who may be required by operation of law to accept, file, register, or otherwise record or release any document or instrument necessary to transfer real property.  Pursuant to Section 1146(a) of the Bankruptcy Code, the sale and transfer of the Property to the Successful Purchaser in accordance with the Plan and this Order shall not be subject to any deed, recording, stamp or similar tax under any applicable non-bankruptcy law (collectively, the "<u>Transfer Taxes</u>"), and the sale is fully exempt from payment of any Transfer Taxes.  Accordingly, all applicable governmental taxing authorities or other agencies, including, without limitation, the City's registrar of deeds' office and the clerk of Kings County in the State of New York, are hereby directed to accept any and all documents and instruments necessary, useful, or appropriate

(including deeds and bills of sale) for filing to effectuate, implement, and consummate the transactions contemplated by the Plan and this Order without payment of any Transfer Taxes becoming due or payable in connection therewith.

  D. <u>Disbursing Agent</u>.

    4. The appointment of Debtor's counsel, Goldberg Weprin Finkel Goldstein LLP, as Disbursing Agent pursuant to the Plan is hereby approved. The Disbursing Agent shall have all rights associated therewith, including the due authority to make distributions to creditors as provided in the Plan, including a *pro rata* dividend to the holders of allowed unsecured creditors.

  E. <u>Effects of Confirmation; Effectiveness, Successors, and Assigns</u>.

    5. Subject to the occurrence of the Plan's Effective Date as more particularly set forth in Section 6.2 of the Plan, and pursuant to Section 1141(a) of the Bankruptcy Code and notwithstanding Bankruptcy Rules 3020(e) and 7062 or any otherwise applicable law, any stays provided for under Bankruptcy Rules 3020(e) and 6004(h) shall be deemed waived.

    6. This Order and the terms of the Plan shall be effective immediately and enforceable upon entry hereof, and binding on: (i) the Debtor and its estate; (ii) all holders of Claims against and direct or indirect equity interests in the Debtor, whether or not impaired under the Plan, and whether or not, if impaired, such holders accepted the Plan; (iii) any other party in interest including any party asserting alien, claim, or interest in or against the Property; and (iv) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians.

F.        Injunctions Against Interference with the Plan and the Property Sale.

7.        Pursuant to Section 6.1 of the Plan, and without limiting the generality of thereof, upon entry of the Order, all persons and entities are enjoined and restrained, pursuant to Section 105 of the Bankruptcy Code from taking any action to collect or enforce any Claim directly or indirectly against the Debtor in any manner inconsistent with the terms contained in the Plan or this Order, unless expressly otherwise provided in the Plan or this Order.

8.        Except as expressly provided in the Plan or by this Order, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax and regulatory authorities, lenders, vendors, suppliers, employees, trade creditors, litigation claimants, and other persons or entities, holding Interests of any kind or nature whatsoever in the Debtor, or the Debtor's right, title, and interest in the Property (whether known or unknown, legal or equitable, matured or unmatured, contingent or noncontingent, liquidated or unliquidated, asserted or unasserted, whether arising prior to or subsequent to the commencement of this Chapter 11 case, whether imposed by agreement, understanding, law, equity or otherwise), including, without limitation, those arising under, out of, in connection with, or in any way relating to the Debtor, the Property, the operation of the Debtor's business, or the transfer of the Debtor's right, title, and interest in the Property to the Successful Purchaser, shall be and hereby are forever barred, estopped and permanently enjoined from: (i) commencing or continuing in any manner any action or other proceeding, whether in law or in equity, in any judicial, administrative, arbitral or other proceedings, against the Successful Purchaser, its successors or assigns, or asserting or pursuing such interests against the Property, or the rights, title, and interests of the Successful Purchaser in such Property; (ii) creating, perfecting or enforcing any interests against the Successful Bidder, it successors or assigns, or the Property;

and (iii) commencing or continuing any action in any manner or place, that is inconsistent with the terms of this Order, except to the extent that the Senior Lender assigns its mortgage to a lender to the Successful Purchaser.

    G.    <u>Post-Confirmation Matters</u>.

    9.    The Debtor shall file post-confirmation status and disbursement reports in the format prescribed by the United States Trustee on the 20th day following the end of the quarter until the entry of an order closing the Chapter 11 case.

    10.    The Debtor shall pay to the United States Trustee all fees due and payable by the Debtor, if any, under and pursuant to 28 U.S.C. §1930, plus all applicable interest thereon, until a final decree is entered closing the Chapter 11 case.

    11.    The Debtor shall close with the Successful Purchaser on a post-confirmation basis in accordance with the Plan and this Order on or before the Closing Date set forth above.

    H.    <u>Retention of Jurisdiction</u>.

    12.    The Bankruptcy Court shall retain post-confirmation jurisdiction over all matters arising out of, or related to, the Chapter 11 Case and enforcement of the Plan as expressly set forth thereunder.

Dated: July 30, 2025  
White Plains, New York

                                      ***/s/ Sean H. Lane***  
                                      United States Bankruptcy Judge