UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                                    Chapter 11

Hello Nostrand LLC,                                                         Case No. 24-22192 (SHL)

                        Debtor.
-----------------------------------------------------------x

**AMENDED
ORDER CONFIRMING AUCTION SALE OF DEBTOR'S REAL PROPERTY**

In furtherance of this Court's original Order dated July 9, 2024 [ECF No. 38] (the "Bidding Procedures Order") authorizing Hello Nostrand LLC (the "Debtor") to sell the Debtor's real property commonly known as 21 East 29th Street, Brooklyn, New York and 1580 Nostrand Avenue, Brooklyn, New York (collectively, the "Property") pursuant to approved bid procedures (the "Property Sale"); and the Debtor having conducted an auction sale on June 11, 2025 (the "Auction") at which the Debtor's senior secured mortgage lender, 1580 Nostrand Ave 2 LLC together with its assignee, designee or nominee (collectively defined herein as the "Successful Purchaser") was deemed to have made the highest and best offer for the Property based upon a credit bid in the amount of $70 million which should now be confirmed as the Successful Purchaser for purposes of the Debtor's confirmed amended plan of liquidation and based upon record compiled at the hearing held on July 30, 2025 and the proffer of good faith made on the record;

I.       **IT IS HEREBY FOUND, DETERMINED AND CONCLUDED** as follows:

       A.       Findings and Conclusions.  The findings and conclusions set forth herein constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

1

B. <u>Jurisdiction and Venue</u>. The Bankruptcy Court has jurisdiction over this Chapter 11 case pursuant to 28 U.S.C. §§ 157(a) and 1334(a). Approval of the Property Sale is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(N). Venue is property under 27 U.S.C. §§ 1408 and 1409.

C. <u>Marketing and Sale of the Property.</u>

    i. <u>Notice.</u> As evidenced by affidavit of service previously filed with the Court [ECF No. 32] due, proper, timely, adequate and sufficient notice of the Auction has been provided and no other or further notice is or shall be required;

    ii. <u>Arm's-Length Sale.</u> The Auction and credit bid was made without collusion or fraud, and in good faith within the meaning Section 363(m) of the Bankruptcy Code. Neither the Debtor, the Successor Purchaser or its assignee has engaged in any conduct that would cause or permit the Auction to be avoided under Section 363(n) of the Bankruptcy Code;

    iii. <u>Sale in Best Interests</u>. The Auction of the Property is in the best interests of the Debtor and its creditors;

    iv. <u>Business Justification</u>. The Debtor has demonstrated good and sound business reasons supporting the Auction sale of the Property under Sections 363(b) and (f) and 1123(a)(5) of the Bankruptcy Code;

    v. <u>Consideration</u>. The Property has been adequately marketed, and the credit bid made by the Successful Purchaser (i) is permitted by and consistent with Section 363(k) of the Bankruptcy Code, (ii) represents the highest and best offer received by the Debtor for the Property, and (iii) constitutes reasonably equivalent value and fair consideration for the Property;

    vi. <u>Free and Clear</u>. The Auction sale in accordance with Plan will be a legal, valid, and effective transfer of the Property, and, vests or shall vest the Successful Purchaser or its assignee with all right, title, and interest of the Debtor in and to the Property pursuant to Sections 363(b) and (f) and 1123(a)(5) of the Bankruptcy Code free and clear of all liens, claims or interest (as defined in Section 101(5) of the Bankruptcy Code) of any kind or nature that have been, are or could be asserted against the Debtor or the Property (unless the Successful Purchaser assigns its mortgage to or for the benefit of the Successful Purchaser's Assignee, in which event the Successful Purchaser's mortgage shall survive as assigned).

2

**II.     Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that:**

    A.     <u>Sale Approval</u>.

    1.     The Auction of the Property is approved, and the Debtor is authorized to sell, transfer and convey the Property to the Successful Purchaser pursuant to the terms of the Plan and this Order.

    B.     <u>Implementation</u>.

    2.     The Debtor is authorized to take all actions necessary to sell the Property to the Successful Purchaser without additional resolutions or member consents.  Lee Buchwald as the CRO is hereby authorized to enter into, execute and deliver all deeds, instruments or other documents to effectuate the closing on the sale of the Property on behalf of the Debtor.

    3.     The provisions of this Order authorizing the Auction sale of the Property free and clear of all liens, claims and adverse interests shall be self-executing, and neither the Debtor nor the Successful Purchaser shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the provisions of this Order.

    4.     The Debtor shall turn over possession of the Property at closing to the Successful Purchaser or its assignee, together with all available books, records and files pertaining to the Property.

    5.     As part of the sale of the Property, the Debtor is also authorized and directed to assign all of the Debtor's right, title and interest in any leases, together with all rights relating to the Property Causes of Action as defined in the Plan, including without limitation, all rights and remedies under the respective Order and Judgment entered on July 30, 2025 in [Adversary Proceeding number 24-07031] plus the rights to collect accrued and unpaid rents and the right evict the occupants delineated on the Final List of Unlawful Occupants entered.

    C.    <u>Valid Transfer</u>.

6.    Upon the Closing, (i) the sale transaction effects a legal, valid, enforceable and effective sale and transfer of all of the Debtor's rights, title, and interests in the Property to the Successful Purchaser, and shall vest the Successful Purchaser with all of the Debtor's rights, title, and interests in the Property free and clear of all claims, liens and adverse interests of any kind whatsoever.

    D.    <u>Good Faith Purchaser</u>.

7.    The sale of the Property to the Successful Purchaser is done in good faith, as that term is used in Section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale, transfer and conveyance of the Property shall not affect the validity of such. The Successful Purchaser qualifies as a good faith purchaser of the Property, and is entitled to all of the protections and immunities afforded by Section 363(m) of the Bankruptcy Code.

Dated: White Plains, New York
       September 8, 2025

                                        ***/s/ Sean H. Lane***
                                        United States Bankruptcy Judge